# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

SCOTT A. HUDAK,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

    Defendant.

Case No. 3:14-cv-1599-JVB

## OPINION AND ORDER

Plaintiff, Scott A. Hudak, seeks judicial review of the Defendant Commissioner of Social Security's decision to deny his claim for disability insurance benefits, and asks this Court to reverse and remand the case. Plaintiff alleges that he is disabled and unable to work on the basis of the following impairments: bipolar disorder with paranoia, obsessive compulsive disorder (OCD), antisocial personality disorder, and attention-deficit hyperactivity disorder (ADHD). On May 23, 2013, Administrative Law Judge (ALJ) John Giannikas denied Plaintiff's application for disability benefits and this decision became final when the Social Security Appeals Council denied Plaintiff's request for review. Plaintiff maintains that the ALJ improperly evaluated Plaintiff's mental impairment and the ALJ's credibility finding is not supported by substantial evidence.

For the reasons discussed below, the Commissioner's decision is AFFIRMED.

## A. Overview of the Case

Plaintiff alleges that he became disabled in September 2010, at the age of 41, due to a combination of mental illnesses, which he argues prevent him from engaging in any substantial gainful activity, negatively impacts his daily activities, and hampers his ability to maintain constructive relationships with his family. Prior to the alleged onset date, Plaintiff worked in a convenience store and restaurant owned by his girlfriend's parents from 1999 to 2010. However, he asserts that he remained employed there solely because of their relationship. (DE 11, R. 41.) Then, in December 2010, after the relationship with his girlfriend ended, Plaintiff sought mental health treatment at Oaklawn Psychiatric Center to address his "lying, stealing, and deception." (*Id.* at 275.) Plaintiff, while living in Oaklawn's assisted living center, has received regular mental health treatment and evaluation. Plaintiff maintains that the diagnoses of these treating professionals, coupled with his own subjective assessment of his condition, prevent him from participating in gainful employment and entitle him to Social Security disability insurance benefits.

## B. Standard of Review

This Court has the authority to review Social Security Act claim decisions under 42 U.S.C. § 405(g). The Court will uphold an ALJ's decision if it is reached under the correct legal standard and supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court will not reconsider facts, re-weigh the evidence, resolve conflicts in the evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *Boiles v.*

*Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). This Court will, however, ensure that the ALJ built an "accurate and logical bridge from the evidence to his conclusion so that, as a reviewing court, we may access the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

**C.  Disability Standard**

To qualify for disability benefits, the claimant must establish that he suffers from a disability. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The SSA established a five-step inquiry to evaluate whether a claimant qualifies for disability benefits. A successful claimant must show:

> (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy.

*Scheck v. Barnhart*, 357 F.3d 697, 699–700 (7th Cir. 2004).

An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.  Analysis**

Plaintiff alleges two instances of error that necessitate reversal of the ALJ's decision.

First, he contends that the ALJ improperly evaluated the opinion of the psychological expert, which constitutes reversible error. This contention, along with Plaintiff's assertion that the ALJ improperly disregarded the testimony of Plaintiff and his case manager, is the core of Plaintiff's claim that the ALJ's decision was not supported by substantial evidence. Second, Plaintiff maintains that the ALJ's credibility determination was patently wrong because he mischaracterized the nature of Plaintiff's previous employment, overemphasized alleged improvements in Plaintiff's condition, and misunderstood the impact of Plaintiff's mental illness.

**(1)** *ALJ did not err in evaluating the severity of Plaintiff's mental illness*

Plaintiff argues that the ALJ erred by failing to fully incorporate the testimony of the psychological expert, disregarding Plaintiff's testimony, and discounting the testimony of Plaintiff's case manager. Plaintiff contends that Dr. Kravitz, an expert in the field of psychology, testified at the hearing that Plaintiff "could not sustain appropriate interaction with anyone on a sustained basis" and the ALJ erred by not incorporating this into his decision. Plaintiff contends that the ALJ's decision ignores this and other portions of Dr. Kravitz's testimony that coincide with Plaintiff's testimony and the testimony of his case manager, Sara Small. Plaintiff maintains that these omissions constitute reversible error. Plaintiff is incorrect.

As discussed above, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). In this case, while reasonable minds could differ on the result, the ALJ has supported his conclusions with substantial evidence that creates a logical bridge between

objective evidence and his decision.

The ALJ states in his decision that he gave the greatest amount of weight to the testimony of Dr. Kravitz and some weight to Ms. Small's testimony. (DE 11, R. 22.) The ALJ stated that Dr. Kravitz testified that Plaintiff "is quite capable of carrying out simple 1,2, 3-step instructions; that he can manage brief and superficial interaction with coworkers and supervisors . . . and that he can have no public contact." (*Id.*) All of these conclusions are taken from the direct testimony of Dr. Kravitz during the hearing. (*Id.* at 65–69.) During the hearing, when the ALJ felt Dr. Kravitz was hedging his testimony the ALJ challenged these statements, but Dr. Kravitz never recanted. (*Id.* at 70–71.) Instead of withdrawing his conclusions, Dr. Kravitz informed the ALJ that the decision on whether Plaintiff could function in a work environment hinged upon the ALJ's credibility determination and to what extent Plaintiff's behavior is a result of his conscious choice or his internal or "personal dynamics." (*Id.*) The ALJ also found that Dr. Kravitz's testimony was consistent with Ms. Small's testimony.

Ms. Small, the Plaintiff's case manager at the Oaklawn assisted living facility, also testified at Plaintiff's hearing. The ALJ expressly considered her testimony in his decision and found the majority of her testimony to be credible. (DE 11, R. 22.) Ms. Small testified that Plaintiff's lying and deceptiveness was controlled since he had arrived at Oaklawn's assisted living facility and noted that he attended all of his scheduled therapy and appointments. (*Id.* at 59–60.) The ALJ found Ms. Small's testimony to lack credibility when she described Plaintiff's inability to control himself in a hypothetical work situation. The ALJ reasoned that this testimony was not credible since the Plaintiff was "able to follow the rules in his current living arrangement." (*Id.* at 22.)

The portion of Dr. Kravitz's testimony not expressly discussed in the ALJ's decision is

5

largely insignificant as it speaks generally to individuals suffering from personality disorders. Additionally, the ALJ considered the totality of Ms. Small's testimony, but found that it conflicted with other parts of her testimony and other record evidence. The ALJ is only required to "articulate at some minimal level his analysis of the evidence." *Ray v. Bowen*, 843 F.2d 998, 1002 (7th Cir. 1988). The ALJ easily met this low standard as he explained how the testimony of both Dr. Kravitz and Ms. Small was considered in reaching his decision. Plaintiff understandably disagrees with the ALJ's conclusions, but that does not mean that the ALJ's decision is not based upon substantial evidence. Accordingly, the Court finds the ALJ's decision relies upon substantial evidence in the record.

### (2) *ALJ's credibility determination was not "patently wrong"*

Plaintiff contends that the ALJ's credibility determination is patently wrong. Plaintiff asserts that the ALJ erred by considering: (1) his 14 years of prior work experience at his girlfriend's convenience store; (2) testimony that stated he had improved with therapy; and (3) testimony of Dr. Kravitz regarding Plaintiff's employability. ALJ credibility determinations are entitled to deference because the ALJ is "in a special position to hear, see, and assess witnesses." *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014). Courts only overturn such a credibility determination if it is patently wrong, that is to say, if it lacks any explanation or support. *Id.* at 816. A credibility determination will be upheld as long as it is explained in a way that allows the court to determine that the ALJ logically based it on specific findings and record evidence. *Id.*

In this case, the ALJ provided a reasonable explanation for his credibility determination. The ALJ's decision partly relied upon Plaintiff's past work experience. The ALJ found that Plaintiff's testimony that he was employed by his girlfriend's family for 14 years, even though

he was barely a marginal employee, was not entirely credible. The ALJ assessed that despite his relationship with the owner's daughter, no employer would retain someone for almost a decade and a half if they did not provide some benefit to the business.

Plaintiff argues that it is inappropriate for the ALJ to use his past work experience and his improving condition as a result of therapy as evidence that he is capable of full-time employment. However, this is not what the ALJ did. The ALJ considered the Plaintiff's testimony, and the testimony of his family, regarding his professed ability to perform work-related activities and weighed it against the record psychiatric and psychological evidence. (DE 11, R. 20–23.) As a result of a perceived discrepancy, the ALJ found that Plaintiff's subjective complaints were less than credible and could have been motivated by other external factors. The ALJ even stated that Plaintiff's ability to perform full-time work would be somewhat limited by his mental illnesses, but not to the nature and extent of his testimony. (*Id*. at 23.) This, and the ALJ's reliance on statements that Plaintiff improved with therapy, are not improper considerations when trying to make a credibility determination. The ALJ, as he is required to do, "adequately explain[ed] his . . . credibility finding by discussing specific reasons supported by the record." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015) (citing *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009)). Accordingly, the Court finds that the ALJ's credibility determination was not patently wrong.

**E. Conclusion**

Plaintiff has failed to show that the ALJ's decision did not rely on substantial evidence or that he made a patently wrong credibility determination. The ALJ decided Plaintiff's claim using the correct legal standard and the decision was supported by substantial evidence. Accordingly,

the Commissioner's decision is AFFIRMED.

SO ORDERED on September 1, 2015.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE